UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WICKED GRIPS LLC,

       Plaintiff,

v.                               Case No: 8:21-cv-2131-KKM-SPF

HENRY BADAAN, CANDER
TRADE LLC, BIG CAT GEAR LLC,
and HB ARMS INC.,

       Defendants.
_____

## ORDER

Plaintiff Wicked Grips LLC asks this Court for a preliminary injunction to prevent four Defendants from marketing or selling firearm grips that allegedly infringe Wicked's copyrights. Because Wicked failed to observe the requirements of Local Rule 6.02 and because it has not established that it will suffer irreparable harm absent an injunction, this Court denies the motion for such an "extraordinary and drastic remedy." *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001) (per curiam).

## I.   BACKGROUND

Wicked Grips LLC is a Michigan company that specializes in firearm and handgun grips for gun enthusiasts. (Doc. 13-1 at 2–3.) Many of its grips include hand-drawn designs

or detailed images and backgrounds. (*Id.* at 3–5.) On January 26, 2018, Wicked registered its website design with the U.S. Copyright Office. (*Id.* at 3.) On February 22, 2021, Wicked also obtained a copyright on eleven photographs of its grip designs. (Doc. 13-12.)

Wicked alleges that Defendants Badaan, Cander Trade LLC, HB Arms Inc., and Big Cat Gear, LLC—operating under various trade names and pseudonyms—took "Wicked's images and copyrighted grip designs and fabricated exact likenesses of the images on to Defendants' own grips and have placed these infringing and counterfeit grips for sale on its various websites." (Doc. 13-1 at 5.) To support these allegations, Wicked attaches sets of side-by-side images showing remarkable similarity between Wicked's grip designs and those Defendants allegedly advertised and sold.

On March 24, 2020, Wicked sent a letter to Defendants Badaan, Cander Trade, and Big Cat Gear. (Doc. 13-15.) The letter demanded that these Defendants immediately cease using Wicked's designs and copyrighted material. (*Id.* at 1.) Wicked sent a follow-up letter on August 6, 2020, repeating its demands. (*Id.* at 4–6.) Presumably Defendants refused; Wicked then filed suit in the U.S. District Court for the Eastern District of Michigan on October 13, 2020.[1] *See Wicked Grips LLC v. Badaan*, No. 20-cv-12773,

---

[1] Wicked's August 6, 2020 letter to Defendants also references "current litigation" that is presumably not the same as the suit initiated on October 13, 2020. (Doc. 13-15 at 4.) Despite this prior action (or actions) between nearly identical parties on substantially similar infringement claims, Wicked represented to this Court that this action "is not related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency." (Doc. 27 at 1. (emphasis omitted).)

2021 WL 3783068, at *1 (E.D. Mich. July 21, 2021), *report and recommendation adopted as modified*, No. 20-cv-12773, 2021 WL 3773189 (E.D. Mich. Aug. 24, 2021). On August 24, 2021, that court dismissed the suit for lack of personal jurisdiction.

On September 7, 2021, Wicked sued Defendants again, this time in the Middle District of Florida. (Doc. 1.) Immediately after filing its complaint, Wicked filed a motion for a preliminary injunction. (Doc. 7.) This Court denied the motion without prejudice on September 8, 2021, because Wicked did not attach any supporting documents to its motion, as is required by Local Rule 6.02(a)(2). (Doc. 12.) Wicked filed an amended motion on September 9, 2021. (Doc. 13.) On September 10, 2021, the Court entered a scheduling order and instructed the parties to "strictly comply with the procedures set forth in Middle District of Florida Local Rule 6.02," which governs preliminary injunctions. (Doc. 14.)

Defendants Badaan, Cander Trade, and HB Arms filed their responses on September 28, 2021, (Doc. 22), and Defendant Big Cat filed its response on October 1, 2021 (Doc. 32). Accordingly, this motion is now ripe for decision.

## II.   LEGAL STANDARD

To demonstrate entitlement to a preliminary injunction, a movant must establish (1) "a substantial likelihood of success on the merits;" (2) "irreparable injury" without an injunction; (3) "the threatened injury to the movant outweighs whatever damage the

proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *accord Am. C.L. Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009). Since a "preliminary injunction is an extraordinary and drastic remedy," courts are not to grant it "unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotation omitted). Accordingly, "[f]ailure to show any of the four factors is fatal." *Am. C.L. Union of Fla., Inc.*, 557 F.3d at 1198 (11th Cir. 2009).

## III.    ANALYSIS

To succeed on its motion for a preliminary injunction, Wicked must comply with the procedures contained in Local Rule 6.02 and satisfy the traditional equitable framework for evaluating a request for a preliminary injunction.

### A. Wicked's Motion Does Not Comport With the Local Rules

This Court instructed the parties to "strictly comply with the procedures set forth in Middle District of Florida Local Rule 6.02." (Doc. 14.) Local Rule 6.02(a)(1), which governs preliminary injunction motions, incorporates the requirements of Local Rule 6.01(a)–(b). Among other requirements, Rule 6.01(a) requires that a motion for injunctive relief must include 1) "a precise and verified description of the conduct" at issue, 2) "a

4

precise and verified explanation of the amount and form of the required security," and 3) "a proposed order." "The party seeking a preliminary injunction must 'fully comply' with [these] procedural requirements." *Squitieri v. Nocco*, No. 19-cv-906-T-36-AAS, 2019 WL 4671095, at *3 (M.D. Fla. July 18, 2019) (Honeywell, J.) Wicked's motion violates these Rules.

First, the motion does not provide "a precise and verified description of the conduct and the persons" Wicked seeks to enjoin. Local Rule 6.01(a)(2). Instead, Wicked filed a verified motion and legal memorandum—with little to no factual allegations—and attached an *unverified* complaint.[2] (Doc. 13 at 8.) But even if this Court construed the verification as extending to the complaint and other attachments, Wicked still fails to provide a "precise . . . description of the conduct." Local Rule 6.01(a)(2). Beyond its legal conclusions of infringement, Wicked's filings provide few facts as to the Defendants' activities. More seriously, Wicked makes almost no effort to assign specific acts to any particular Defendant. Instead, Wicked lumps them all together. Not only does this unitary treatment of separate Defendants lack the precision required for Rule 6.01(a)(2), it also constitutes a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (describing one variety of shotgun pleading as "asserting

---

[2] Wicked placed the verification at the end of its motion and before either the complaint or its other exhibits. (Doc. 13 at 8.) The verification avers only that "the foregoing" is true. Consequently, the verification does not include the material that follows it, including the complaint.

multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). By lumping Defendants together and failing to link factual allegations to a particular Defendant, Wicked's complaint exhibits the "unifying characteristic of all types of shotgun pleadings": it fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (striking a complaint that was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged"). As such, Wicked has failed to provide a "precise and verified description of the conduct" to be enjoined, Local Rule 6.01(a)(2), and the complaint is due to be struck as a shotgun pleading.[3]

Second, the Local Rules require the motion include "a precise and verified explanation of the amount and form of the required security." Local Rule 6.01(a)(3); *see* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction . . . only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by a party found to have been wrongfully enjoined or restrained."). "A failure to address the bond requirements is 'fatal' to a request for a temporary restraining order."

---

[3] Wicked's complaint also fails to specify which preceding paragraphs are included in each count. (Doc. 11 at 6 (noting that Count I realleges "paragraphs 1 through __ above as if fully restated herein"); Doc. 13-1 at 6 (same).) This too fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

*Squitieri*, 2019 WL 4671095, at *4; *accord Intabill, Inc. v. Elie*, No. 09-cv-834-T-23-TGW, 2009 WL 10670490, at *2 (M.D. Fla. May 6, 2009) (Merryday, J.). Wicked does not address this requirement. And third, Local Rule 6.01(a)(5) requires a "proposed order" accompany a motion for a preliminary injunction. Wicked did not provide one.

Because Wicked failed to comply with the Local Rules governing preliminary injunctions in this District—despite this Court's explicit order to do so, (Doc. 14)—this Court denies Wicked's motion for a preliminary injunction. *See Benson v. Hernando Cty. Sch. Dist. Bd.*, No. 21-cv-2060-CEH-AAS, 2021 WL 4050952, at *1 (M.D. Fla. Aug. 27, 2021) (Honeywell, J.) (denying motion for failure to comply with the Local Rules).

### B. Wicked Has Not Satisfied the Preliminary Injunction Standard

Even if Wicked had satisfied the procedural requirements for a preliminary injunction motion under the Local Rules, it must still establish its entitlement to an injunction. Each element of the four-part test for a preliminary injunction is vital. "If any element is not proven, there is no need to address the others." *Safarelli v. Pinellas Cnty.*, 931 F.2d 718, 724 (11th Cir. 1991). Because the "basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies," this Court begins with irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (quotation omitted). It ends there as well, given that Wicked has not proven irreparable harm. *See Siegel*, 234 F.3d at 1176 (reasoning that "the absence of a substantial likelihood of

irreparable injury would, standing alone, make preliminary injunctive relief improper" even "if plaintiffs establish a likelihood of success on the merits" (citations omitted)).

"A showing of irreparable injury is the sine qua non of injunctive relief." *See id.* at 1176 (quotation omitted). A showing of irreparable injury must be "neither remote nor speculative, but actual and imminent." *Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quotation omitted). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Id.* As with all prerequisites to a preliminary injunction standard, "the movant must clearly carr[y] its burden of persuasion" on irreparable harm. *Suntrust Bank*, 252 F.3d at 1166.

Wicked asserts that copyright infringement cases are "unique," in that, if "a movant establishes a substantial likelihood of success on the merits, irreparable injury is presumed." (Doc. 13 at 4.) Accordingly, Wicked asserts that it is not required to demonstrate irreparable harm. Wicked cites three cases for this proposition, of which only two are from courts within the Eleventh Circuit, and none is controlling. *See O'Neill Devs., Inc. v. Galen Kilburn, Inc.*, 524 F. Supp. 710, 712 (N.D. Ga. 1981); *Marisa Christina, Inc. v. Bernard Chaus, Inc.*, 808 F. Supp. 356, 359 (S.D.N.Y. 1992); *CBS, Inc. v. PrimeTime 24 Joint Venture*, 9 F. Supp. 2d 1333, 1344 (S.D. Fla. 1998). Accordingly, this Court considers these cases only for their persuasive authority; they are not persuasive.

First, these opinions do not cite any decisions controlling on this Court that establish or recognize a presumption in copyright infringement cases. In fact, "the Eleventh Circuit has not ruled on this issue." *CBS, Inc.*, 9 F. Supp. 2d at 1344.

Second, these cases predate the Supreme Court's decision in *eBay Inc. v. MercExhange, L.L.C.*, 547 U.S. 388 (2006). In *eBay*, the Court "rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." *Id.* at 393–94 (chiding both the appellate and district court for using "categorial" and "unique" rules for permanent injunctions for patent infringement).[4] Instead, the Court instructed district courts to apply the "traditional four-factor framework that governs the award of injunctive relief" and eschew "categorical rule[s]" that depart from the usual equitable inquiry. *Id.* at 393–94. The Supreme Court reiterated this approach just two years later. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 32, (2008). The Court again instructed district courts that an "injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course." *Id.* But this is just what Wicked's presumption would have this Court do. Based on its likelihood of success on the merits, Wicked says this Court "can place most or all of

---

[4] It is true that *eBay* addresses permanent injunctions, while Wicked requests a preliminary injunction. But "no obvious distinction exists between permanent and preliminary injunctive relief to suggest that *eBay* should not apply to the latter." *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1228 (11th Cir. 2008); *see Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 480, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction. . . ."); *accord Winter v. NRDC, Inc.*, 555 U.S. 7, 32 (2008).

9

the weight of its analysis on that factor and enter an injunction with little or no showing of any of the other factors." (Doc. 13 at 5.) If it ever was, such an approach is not available after *eBay*.

Based on *eBay's* instruction that district courts are to apply the traditional, fact-intensive rules of equity, rather than general or categorical rules based on a finding of success on the merits, *see eBay Inc.*, 547 U.S. at 393–94, this Court holds that there is no presumption of irreparable harm for copyright infringement. *See Prop Sols., LLC v. GOPD, LLC*, No. 16-cv-1224-SCJ, 2016 WL 8902589, at *2 n.3 (N.D. Ga. Dec. 8, 2016) (reaching the same conclusion after examining *eBay*); *but see N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1228 (11th Cir. 2008) (recognizing the similarities of permanent injunctions under the Patent Act and preliminary injunctions under the Copyright Act but refusing to decide whether *eBay* rules out a presumption of irreparable harm in the latter context).[5] The Court in *eBay* instructs district courts to apply the traditional rules of injunctive relief, *see eBay Inc.*, 547 U.S. at 393–94, and the Eleventh Circuit has repeatedly stated that a "showing of irreparable injury is the sine qua non of injunctive relief," *Siegel*, 234 F.3d at 1176 (quotation omitted). Thus, this Court will not

---

[5] One reason the Eleventh Circuit refused to address the issue was that "the district court ha[d] not addressed the effect of *eBay*." *See N. Am. Med. Corp.*, 522 F.3d at 1228. The Eleventh Circuit also suggested that the presumption is a matter of a district court's discretion "in light of the historical traditions" of equity. *Id.* To the extent it is discretionary, this Court would decline to apply a presumption of irreparable harm based on the facts in this action.

accept a presumption that simplifies the preliminary injunction inquiry to one of likelihood of success on the merits, even for copyright infringement.

However, even if this Court applied a presumption of irreparable harm for copyright infringement, it would not control the outcome. Like all presumptions, a presumption of irreparable harm would be rebuttable. Wicked's delay in seeking a preliminary injunction rebuts the presumption and fatally undermines any attempt to show "'imminent' irreparable harm." *Wreal*, 840 F.3d at 1248. Wicked learned of the infringing conduct at least as early as March 24, 2020, when it sent the cease-and-desist letter to Defendants. (Doc. 13-15 at 1.) It was aware that Defendants were continuing (and expanding) their allegedly infringing activities on August 6, 2020. (*Id.* at 4–5.)

Despite this extended period, Wicked did not file suit in the Eastern District of Michigan until October 13, 2020. (Doc. 22 at 3.) On August 24, 2021, that court dismissed the suit for lack of personal jurisdiction. *See Wicked Grips LLC*, 2021 WL 3773189, at *1 (E.D. Mich. Aug. 24, 2021), *adopting report and recommendation*, 2021 WL 3783068. During those roughly ten months, Wicked never sought a preliminary injunction. *See Study Edge, LLC v. Skoolers Tutoring Ctr., LLC*, No. 17-cv-76-MW/GRJ, 2017 WL 6994563, at *5 (N.D. Fla. Dec. 8, 2017) (finding seven-month delay after filing complaint defeated claim of irreparable harm). Instead, it sued in this Court on September 7, 2021, almost eighteen months after its initial demand letter. (Doc. 1.)

Urgency forms the heart of a preliminary injunction, and Wicked's actions confirm that it does not consider its motion urgent. *See Wreal*, 840 F.3d at 1248 ("[T]he very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits."). Indeed, "unexplained delays of a few months negate any claim of irreparable harm on a preliminary injunction motion" and many courts "typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." *Pals Grp., Inc. v. Quiskeya Trading Corp.*, No. 16-cv-23905, 2017 WL 532299, at *6 (S.D. Fla. Feb. 9, 2017) (citations omitted); *see also Millennium Funding, Inc. v. 1701 Mgmt. LLC*, No. 21-cv-20862, 2021 WL 3618227, at *9 (S.D. Fla. Aug. 16, 2021) (collecting cases denying injunctive relief after plaintiff delayed for between two and twelve months). Wicked did not seek a preliminary injunction until eighteen months after its initial cease-and-desist letter and has "failed to offer any explanation for its [18]-month delay. Nor can we discern from the record any justification for the delay. . . ." *Wreal LLC*, 840 F.3d at 1248.

This Court concludes that—even if a presumption of irreparable harm applies—the presumption is rebutted and Wicked's "unexplained [18]-month delay in seeking a preliminary injunction, by itself, fatally undermine[s] any showing of irreparable injury." *Id.* at 1248. Since a movant "must meet all four prerequisites to obtain a preliminary

injunction, [and] failure to meet even one dooms [the motion]," *id.* at 1248, this Court denies Wicked's motion for a preliminary injunction on the lack of irreparable harm.

## IV.    CONCLUSION

Because Wicked has not satisfied the procedural rules required for a preliminary injunction motion or established irreparable harm, this Court denies Wicked's motion. In addition, since Wicked has not ascribed specific factual allegations to each Defendant, but rather treats them as a unit, this Court strikes Wicked's complaint as a shotgun pleading. Accordingly, the following is **ORDERED**:

1.    Plaintiff Wicked Grip's [13] Motion for Preliminary Injunction is **DENIED**.

2.    Plaintiff Wicked Grips LLC's [11] Complaint is **STRICKEN** as a shotgun pleading. Wicked must file an amended complaint by **October 21, 2021,** and it must correct the deficiencies outlined above.

3.    Defendant Badaan, Cander Trade, and HB Arms's [23] Motion to Dismiss is **DENIED** as moot.

**ORDERED** in Tampa, Florida, on October 8, 2021.

Kathryn Kimball Mizelle
United States District Judge

13